1  MARK POSARD (SBN: 208790)
   mposard@grsm.com
2  JOHN SAGER (SBN: 288982)
   jsager@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   3 Parkcenter Drive, Suite 200
4  Sacramento, California 95825
   Telephone: (916) 565-2900
5  Facsimile: (916) 920-4402

6  Attorneys for Defendants
   FGO CA, LLC; FGO DELIVERS, LLC; WAYFAIR TRANSPORTATION LLC; WAYFAIR
7  LLC; WAYFAIR INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLMAN TORREZ; JESUS O. LOPEZ; SANTIAGO LOPEZ; WILLIAM A. MENDOZA GARCIA; ERICK CASTRO CHAVEZ; KEVIN MIDENCE; JUAN MANUEL CABRERA MUNGIA; and CARLOS SOMARRIBA; each individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FGO, LLC; FGO CA, LLC; FGO DELIVERS, LLC; WAYFAIR TRANSPORTATION, LLC; WAYFAIR, LLC; WAYFAIR, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS FGO CA, LLC; FGO DELIVERS, LLC; WAYFAIR TRANSPORTATION LLC; WAYFAIR LLC; AND WAYFAIR INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (a) and (b) (DIVERSITY AND CAFA)**<br><br>Complaint Filed: August 9, 2024 |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants FGO CA, LLC; FGO DELIVERS, LLC; WAYFAIR TRANSPORTATION, LLC; WAYFAIR LLC; WAYFAIR INC. ("Defendants"), hereby remove to this Court the action entitled *Torrez, et. al. v. FGO, LLC,, et al.*, Case No. 24CV086794, from the Superior Court of the State of California for the County of Alameda. As set forth below, the Court has jurisdiction over this action pursuant to (a) traditional diversity jurisdictional analysis under 28 U.S.C. § 1332(a); or in the alternative, (b) minimal diversity

jurisdictional analysis under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action where the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million

## I.   THE COMPLAINT AND TIMELINESS OF REMOVAL

1. On August 9, 2024, Plaintiffs HOLMAN TORREZ, JESUS O. LOPEZ, SANTIAGO LOPEZ, WILLIAM A. MENDOZA GARCIA, ERICK CASTRO CHAVEZ, KEVIN MIDENCE, JUAN MANUEL CABRERA MUNGIA, AND CARLOS SOMARRIBA (hereinafter "Plaintiffs"), by and through their attorney, filed a civil action in the Superior Court of the State of California for the County of Alameda, entitled *Torrez, et. al. v. FGO, LLC, et al.*, Case No. 24CV086794 (the "State Court Action"). The State Court Action is a putative wage and hour class action. A copy of the Summons and Complaint comprising all copies of process, pleadings, and orders served in the state court action are attached as Exhibits A and B to the Declaration of John Sager ("Sager Decl.").

2. Moving Defendants were served with the Summons and Complaint on or about October 4, 2024. (*See* Sager Decl., ¶ 3). This Notice is timely because it is filed within thirty days after Defendants were served with a copy of the Complaint, as is required by 28 U.S.C. § 1446(b). See *Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. section 1446(b).

3. The Summons and Complaint, comprised as Exhibits A and B, comprise all copies of process, pleadings, and orders served in the state court action and are being filed with this notice

as required by 28 U.S.C. § 1446(a).

## II. THIS CASE IS REMOVABLE UNDER TRADITIONAL DIVERSITY JURISDICTIONAL ANALYSIS  28 U.S.C. §1332(A).

4. The basis for removal of this case from the Alameda Superior Court is that this Court has original jurisdiction of this action under 28 U.S.C. §1332(a) and this case is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

5. 28 U.S.C. § 1332(a) explains that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different states[.]"

### A. The Diversity Requirement is Satisfied.

6. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001). Defendants are informed and believe that the named Plaintiffs were, at the time this action was commenced, and still are, residents and citizens of the State of California.

#### 1. Plaintiffs Are Citizens of California

7. A natural person is a citizen in the state of his domicile, which is generally identified through "a compound of physical presence plus an intention to make a certain definite place one's permanent abode." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). A place of employment or business can also be used to determine citizenship of a particular state. See *Lew v. Moss*, 797 F.2d 747, 750 (9t Cir. 1986) ("[D]etermination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of brokerage and bank accounts, location of spouse and family,

- 3 -

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1  membership in unions and other organizations, place of employment or business, driver's license
2  and automobile registration, and payment of taxes.").

3      8.    Based on the information asserted by Plaintiffs in their complaint, Plaintiffs are
4  citizens of the State of California. Plaintiffs state that they, as well as the class, were employed by
5  Defendant in the State of California. (Complaint ¶ 7; Exhibit A to Sager Decl.)

### 2. Defendants FGO CA, LLC and FGO Delivers, LLC are Citizens of Delaware and Tennessee

    9.    The moving Defendants on the other hand, are citizens of states other than California. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

    10.    Defendant FGO CA, LLC is a limited liability company incorporated in the state of Florida and has its principal place of business in New Jersey. (*See* Declaration of Benjamin Bodzy ("Bodzy Decl.") ¶ 4).

    12.    Defendant FGO Delivers, LLC is a limited liability company. FGO Delivers, LLC is incorporated in the state of Florida and has its principal place of business in New Jersey. (Bodzy Decl. ¶ 3).

    13.    However, <u>Defendants FGO CA, LLC and FGO Delivers, LLC' are citizens of Delaware and Tennessee for diversity purposes</u>, as the ultimate owners of FGO CA, LLC and FGO Delivers, LLC are citizens of Delaware and Tennessee.

    14.    Defendants FGO CA, LLC and FGO Delivers, LLC are solely owned by Need It Now Delivers, LLC (Bodzy Decl. ¶ 5). Need It Now Delivers, LLC is incorporated in Delaware and has its principal place of business in New York. (Bodzy Decl. ¶¶ 6-7).

    15.    Need It Now Delivers, LLC is owned by Geodis America, Inc. and Geodis-NIN Holdings, Inc. (Bodzy Decl. ¶ 8). A corporate entity, like Geodis America, Inc. or Geodis-NIN Holdings, Inc., is a citizen of any state in which it is incorporated and the state where it maintains its principal place of business pursuant to 28 U.S.C. Section 1332(c)(1). At the time the Complaint was filed in state court, and presently at the time of removal, Geodis America, Inc. and Geodis-NIN Holdings, Inc. are incorporated in another state. They are both Delaware corporations. (Bodzy

Decl. ¶ 8).  At the time Plaintiffs filed their Complaint, as well as at the present time, Geodis America, Inc.'s and Geodis-NIN Holdings, Inc.'s principal places of business are located in Tennessee. (Bodzy Decl. ¶ 9). Accordingly, because the ultimate owners of Defendants FGO CA, LLC and FGO Delivers, LLC are citizens of Delaware and Tennessee for purposes of diversity, Defendants FGO CA, LLC and FGO Delivers, LLC are citizens of Delaware and Tennessee for diversity purposes.

### 3. Defendants Wayfair Transportation, LLC, Wayfair, LLC, and Wayfair, Inc. are Citizens of the State of Massachusetts.

16. Defendant Wayfair Transportation LLC is also a citizen of Massachusetts for diversity purposes. Defendant Wayfair Transportation LLC is a limited liability company. Defendant Wayfair Transportation LLC is organized under the laws of Delaware and has its principal place of business in Massachusetts. (See Declaration of Michael Licker ("Licker Decl.") ¶ 5).  Defendant Wayfair Transportation LLC's sole member is Wayfair LLC. (Licker Decl. ¶ 7). Defendant Wayfair LLC is organized under the laws of Delaware and has its principal place of business in Massachusetts. (Licker Decl. ¶ 4). Wayfair LLC's sole member is SK Retail, Inc. (Licker Decl. ¶ 6.) At the time the Complaint was filed in state court, and presently at the time of removal, SK Retail, Inc. is incorporated in Massachusetts. (Licker Decl. ¶ 6). At the time Plaintiffs filed their Complaint, as well as at the present time, SK Retail, Inc.'s principal place of business is in Massachusetts. (Licker Decl. ¶ 6) Accordingly, because the sole member of Wayfair Transportation, LLC is a citizen of Massachusetts for purposes of diversity, Defendant Wayfair Transportation, LLC is also a citizen of Massachusetts for diversity purposes.

17. Defendant Wayfair LLC is a citizen of Massachusetts for diversity purposes. Defendant Wayfair LLC is an LLC. Defendant Wayfair LLC is organized under the laws of Delaware and has its principal place of business in Massachusetts. ("Licker Decl.") ¶ 4). Wayfair LLC's sole member is SK Retail, Inc. (Licker Decl. ¶ 6). As discussed *supra*, SK Retail, Inc. is a citizen of Massachusetts for purposes of diversity jurisdiction. Accordingly, because the owner of Wayfair LLC is a citizen of Massachusetts for purposes of diversity, Defendant Wayfair LLC is also a citizen of Massachusetts for diversity purposes.

18. Defendant Wayfair Inc. is a citizen of the states of Delaware and Massachusetts. Wayfair, Inc. is a corporate entity. At the time the Complaint was filed in state court, and presently at the time of removal, Wayfair Inc. is incorporated in Delaware. (Licker Decl. ¶ 3). At the time Plaintiffs filed their Complaint, as well as at the present time, Wayfair, Inc.'s principal place of business is in Massachusetts. (Licker Decl. ¶ 3.) Accordingly, Defendant Wayfair, Inc. is a citizen of Delaware and Massachusetts for diversity purposes.

### 4.  Doe Defendants and FGO, LLC

19. Plaintiffs have alleged the Complaint against Doe Defendants and FGO, LLC. However, moving Defendants are not aware of any other Defendants having been served with a copy of the Summons and Complaint. Moreover, the citizenship of Doe Defendant is disregarded for purpose of removal. 28 U.S.C. § 1441(a). Thus, there is complete diversity between the parties in this case and this Court has traditional diversity jurisdiction over this action. Moreover, CAFA requires only minimal diversity, and as all Plaintiffs are citizens of California, and Defendants are citizens of multiple other states, minimal diversity is met. Therefore, diversity requirements are met under 28 U.S.C. §1332(a) and (d).

### B.  The Amount-in-Controversy Requirement is Satisfied.

20. Defendants deny that Plaintiffs state any viable claims and further deny that Plaintiffs and the putative class members are entitled to any relief. Defendants dispute Plaintiffs' allegations, including any claims that Defendants are liable for any wrongdoing or that Plaintiff could meet the standards of Fed. R. Civ. P. 23 for any proposed class, no matter how defined. Defendants reserve all rights in this regard—including but not limited to the right to contest the definition, scope, certifiability, and merits of the claims of the proposed classes as alleged in the Complaint—and no reference to or re-statement of Plaintiffs' allegations herein shall constitute an admission of liability or damages.

22. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 84 (2014). A removing defendant's notice of removal "'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn*

- 6 -

1  *by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

23. In the Complaint, Plaintiffs allege various wage and labor violations arising from an alleged misclassification of Plaintiffs as independent contractors. (Complaint ¶ 1.) Plaintiffs assert nine causes of action against Defendants for: (1) Entering into Illegal Contract or Agreement; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4) Failure to Pay Minimum Wages; (5) Failure to Pay Overtime/Double Time Wages; (6) Failure to Pay all Wages Owed Each Pay Period; (7) Failure to Pay all Wages Due Upon Separation; (8) Failure to Provide Accurate Itemized Wage Statements; and (9) Violation of Unfair Competition Act. Plaintiffs further seek certification of a class of "all current or former employees and/or workers of labor contractors. . . that performed last-mile delivery work in the State of California for Defendants" for a period of four years prior to the filing date of the Complaint. (Complaint ¶ 25; Exhibit A to Sager Decl.)

24. For the class claims, most California Labor Code claims are subject to a three-year statute of limitations. (Cal. Code Civ. Proc. § 338(a).) Some claims are extended to four years if Plaintiffs prove Unfair Competition. (Cal. Bus. & Prof. Code § 17208.) Based on the alleged causes of action, Plaintiff prays for general, special, and consequential damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs, and for order of disgorgement and/or restitution payments, (Complaint, 28:24-29:26; Exhibit A to Sager Decl.) Given Plaintiffs' allegations for a wage and hour class action, this evidence is more than sufficient to meet the jurisdictional minimum for diversity jurisdiction.

25. These allegations, together with Plaintiffs' request for attorney's fees (associated with the prosecution of their nine different causes of action on an individual basis) as well as their requests for for injunctive relief, make it clear that the $75,000 amount in controversy requirement is readily met.

26. Accordingly, because (a) the amount in controversy exceeds $75,000, and (b) there is complete diversity of citizenship between Plaintiffs and Defendants, all the jurisdictional requirements for removal based on traditional diversity jurisdiction under 28 U.S.C. § 1332(a) are established.

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

### III. ALTERNATIVELY, THIS CASE IS REMOVABLE UNDER CAFA

27. Moreover, and alternatively, the Class Action Fairness Act (CAFA) also serves as a basis for removal, as the proposed class has at least 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million in the aggregate. *See* 28 U.S.C. §1332(d).

28. Section 4 of CAFA states that "district courts ***shall*** have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

29. To remove under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

30. This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Defendants pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil class action wherein: (1) the proposed class is alleged to contain "at least 500 class members" (Compl. at ¶ 55.); (2) Defendants are not a state, state official, or other governmental entity; (3) as explained above, the total amount in controversy exceeds $5,000,000; and as explained above, (4) there is diversity between at least one class member and all Defendants. *See* 28 U.S.C. § 1332(d).

31. As a preliminary matter, however, Defendants deny that they have any liability to Plaintiffs or to the class they seek to represent, deny that Plaintiffs are adequate class representatives for the class that they seek to represent, and deny that Plaintiffs or the putative class members are entitled to recover any of the damages or other relief requested in the Complaint. Defendants also submit that the Complaint's allegations do not satisfy the requirements for class certification. That said, based on the allegations as pled in the Complaint—which must be considered true for purposes of removal—and for the reasons set forth below, all requirements of CAFA are satisfied.

32. Nonetheless, as set forth below, reviewing the allegations in the Complaint for the limited purpose of determining federal jurisdiction, the size of the proposed class alleged, the diverse citizenship of Defendants vis-à-vis the named Plaintiffs, and the alleged value of the relief

sought by Plaintiff satisfy CAFA's removal requirements. Nevertheless, based upon the Plaintiffs' pleadings and liability theories as set forth in the operative Complaint, the allegations of the Complaint, and the nature of the Plaintiffs' claims are such that Defendants, reasonably and in good faith, assert that the amount in controversy is pleaded to CAFA's jurisdictional threshold of $5 million, exclusive of interests or costs. See U.S.C. § 1332(d)(2), (6). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6). Thus, CAFA instructs "the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Std. Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013).

**A.      Proposed Class Contains at Least 100 Members.**

33.      Plaintiffs allege that there are over five hundred (500) class members. (Complaint ¶ 55; Exhibit A to Sager Decl.)[1]

**B.      Defendants Are Not a State, State Official, or Other Governmental Entity.**

34.      Defendants are not a state, state official, or other governmental entity.

**C.      Minimal Diversity Requirement is Satisfied.**

35.      CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). While traditional diversity-based removal normally requires complete diversity between all plaintiffs and all defendants, removal of a putative class action under CAFA only requires "minimal diversity"— that is, at least one plaintiff be diverse from one defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

36.      As noted above, the putative class alleges they were employed by Defendant in the State of California. To that end, Plaintiffs are residents of the state of California.

37.      On the other hand, Defendants FGO CA, LLC's and FGO Delivers, LLC are citizens of Delaware and Tennessee.

38.      Defendants Wayfair Transportation LLC, Wayfair LLC, and Wayfair Inc. are citizens of Massachusetts.

---

[1] Satisfying the minimum class membership requirements under See U.S.C. § 1332.

- 9 -

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

39. Accordingly, all the jurisdictional requirements for CAFA removal are satisfied.

**D.    Amount-in-Controversy Requirement is Satisfied.**

40. To satisfy the amount in controversy requirement of CAFA, Defendants need only establish that Plaintiff's putative class claims exceed the jurisdictional amount by a preponderance of the evidence. *See Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard")

41. As explained above, based on the alleged causes of action, Plaintiff prays for general, special, and consequential damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs, and for order of disgorgement and/or restitution payments, (Complaint, 28:24-29:26; Exhibit A to Sager Decl.) Given Plaintiffs' allegations for a wage and hour class action of 500 employees going back four years, this evidence is more than sufficient to meet the jurisdictional minimum for diversity jurisdiction.

42. Moreover, standing alone, Plaintiffs' request for attorneys' fees, along with their request for an order requiring Defendants to amend all existing contracts, clearly would exceed the jurisdictional minimum of $5,000,000 (in addition to the numerous other damages and remedies sought by Plaintiffs). It cannot be said to a legal certainty that Plaintiffs would not be entitled to recover the jurisdictional amount if Plaintiffs prevail at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(d)(2).

43. Furthermore, for example, Plaintiffs seek statutory penalties under California Labor Code §§ 210. (Complaint ¶ 104). Under §210, there is a statutory penalty of $100 per employee for the initial violation of failure to pay wages, and $200 for each subsequent violation per employee, plus 25% of the amount unlawfully withheld. Cal. Lab. Code, § 210. (Complaint ¶ 29:7-8; Exhibit A to Sager Decl.). Plaintiffs assert a class time of four years, and allege that throughout that time, Defendants failed to pay the class all wages earned each pay period. (Complaint ¶ 102; Exhibit A to Sager Decl.). Even if each class member only had fifty violations at the penalty for subsequent violations ($200), the aggregate of those penalties would be $5,000,000 (500 x 200 x 50).

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1 Moreover, this sum does not include the 25% alleged to be withheld *per pay period for each employee*, as well as attorneys' fees, which are also sought by Plaintiffs. (Complaint ¶ 104).

44. Over the alleged four-year class period, with the wage and hour damages claimed, attorneys' fees, and additional remedies sought, the amount of controversy as alleged by Plaintiffs well exceeds the $5,000,000 requirement under CAFA.

45. Defendants reserve the right to present additional evidentiary support should Plaintiffs challenge federal jurisdiction, including whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89 (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

## IV.    SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT

46. Defendants will promptly give Plaintiffs written notice of filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Alameda, where the action is currently pending, as required by 28 U.S.C. §1446(d). (Sager Decl., ¶5).

47. For the reasons stated above, removal pursuant to traditional diversity analysis (28 U.S.C. § 1332(a)) or CAFA (28 U.S.C. § 1332(d)(2)) is appropriate.

48. As noted above, (*see supra*, paragraph 1), and pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are being filed with the Court contemporaneously with this Notice of Removal as exhibits to the Sager Declaration

49. By filing this Notice of Removal, Defendants do not waive any jurisdictional objection or other defenses available to them under the law.

50. Defendants do not concede in any way that the allegations in Plaintiffs' Complaint are accurate or that Plaintiffs are entitled to any damages, attorney's fees, or other relief, or that class treatment is appropriate for this case.

WHEREFORE, Defendants, in conformance with the requirements set forth in 28 U.S.C. §§ 1453 and 1446, file this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the District Court of the United States, Northern District of California

- 11 -

1  – San Francisco/Oakland Division, a copy of which will be served upon Plaintiffs.

3  Dated: November 4, 2024                GORDON REES SCULLY MANSUKHANI, LLP

5  By: _____
   Mark Posard
   John Sager
   Attorneys for Defendants
   FGO CA, LLC; FGO DELIVERS, LLC;
   WAYFAIR TRANSPORTATION, LLC;
   WAYFAIR LLC; WAYFAIR INC.